UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GREG AKSELROD, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FRESH START REALTY, LLC and MOE MATTHEWS,<br><br>Defendants. | Case No.<br><br>**COMPLAINT - CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Greg Akselrod, individually and on behalf of others similarly situated, alleges the following against Fresh Start Realty, LLC ("Fresh Start") and Moe Matthews ("Mr. Matthews," and collectively "Defendants").

**I.  NATURE OF ACTION**

1.  As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone

COMPLAINT—CLASS ACTION – 1

Turke & Strauss LLP
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. Fresh Start is a real estate company.

3. Mr. Mathews is the co-owner and manager of Fresh Start.

4. Fresh Start and Mr. Mathews engaged in sending prerecorded ringless voicemails to solicit new customers, including contacting the Plaintiff.

5. Fresh Start and Mr. Mathews also made calls to residential telephone numbers, like Plaintiff's, that were Listed on the National Do Not Call Registry.

6. Plaintiff now files this lawsuit seeking injunctive relief, requiring Fresh Start and Mr. Mathews to cease placing unsolicited calls to cellular telephone numbers, as well as to residential numbers on the National Do Not Call Registry, as well as an award of statutory damages and costs to Class members.

## II.  JURISDICTION AND VENUE

7. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

8. This Court has personal jurisdiction over Fresh Start and Mr. Mathews and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendants made the calls to Plaintiff in this District.

## III.  PARTIES

9. Plaintiff Greg Akselrod is a citizen of Washington, residing in King County, Washington.

10. Defendant Fresh Start Realty, LLC is a Virginia limited liability company with its principal place of business is Rockville, Virginia.

COMPLAINT—CLASS ACTION – 1

**TURKE & STRAUSS LLP**
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

11. Defendant Moe Matthews is a citizen of Virginia, residing in Hanover County, Virginia.

## IV. TCPA BACKGROUND

**A. The TCPA Prohibits Prerecorded Telemarketing Calls**

12. The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

13. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B). *See* 47 U.S.C. § 227(b)(3).

14. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

15. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

16. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on

COMPLAINT—CLASS ACTION – 1

behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

17. Mr. Mathews is the owner and operator of Fresh Start and is liable for its conduct.

18. Under the TCPA, an individual such as Mr. Mathews, may be personally liable for the acts alleged in this Complaint pursuant to 47 U.S.C. § 217 of the TCPA, which reads, *inter alia*:

> [T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure of such carrier or user *as well as of that person*.

*See* 47. U.S.C. § 217 (emphasis added).

19. When considering individual officer liability under the TCPA, other Courts have agreed that a corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *See, e.g.*, *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

20. Mr. Mathews personally participated in the actions complained of herein by: (a) participating in the selection of the telephone numbers that would be called; (b) selecting the dialing equipment used to make the prerecorded calls; and (c) sending the prerecorded messages.

COMPLAINT—CLASS ACTION – 1

TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

**B.      The TCPA Prohibits Calls to Numbers on the National Do Not Call Registry.**

21.     The TCPA also prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

22.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

23.     A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

24.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## V.  FACTUAL ALLEGATIONS

**A.      Factual Allegations Regarding Fresh Start and Mr. Mathews**

25.     One of Fresh Start's strategies for marketing its real estate services involves the use of ringless voicemails or "RVMs."

26.     Fresh Start and Mr. Mathews contracted with a lead generation company, REIRail, to market Fresh Start's services.

27.     REIRail provides lead generation services to real estate agents, including skip tracing, text message blasting, and other marketing tools.

28.     Up until recently, one of the other marketing tools offered by REIRail was the "RVM Engine."

29.     "RVM" stands for ringless voicemail.

COMPLAINT—CLASS ACTION – 1

TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

30. Ringless voicemails play a prerecorded message into the voicemail of call recipients without the recipient's phone ever ringing.

31. Customers who purchased REIRail's services could log onto its platform and send prerecorded ringless voicemail calls to consumers.

32. Fresh Start and Mr. Mathews did just that—they contracted with REIRail and sent prerecorded ringless voicemails to consumers, including to Plaintiff.

33. Fresh Start also engages in telemarketing to generate business.

34. Those telemarketing calls violate the TCPA when they are made to residential telephone numbers listed on the National Do Not Call Registry.

35. Mr. Mathews directly and personally participated in, directed, and/or authorized the conduct constituting the statutory violations alleged herein.

36. Mr. Mathews personally established, approved, and ratified Fresh Start's policies and practices, oversaw operations, and was directly involved in sending the ringless voicemails and telemarketing calls that violated the TCPA.

37. At all times material to the subject matter of this litigation, Mr. Mathews, acting alone or in concert with others, had the authority and responsibility to prevent or correct unlawful telemarketing practices of Fresh Start, and formulated, directed, controlled, and participated in the acts and practices of Fresh Start that violated the TCPA, including the acts and practices described herein.

**B.    Factual Allegations Regarding Plaintiff**

38. Plaintiff's telephone number, (XXX) XXX-3579, is assigned to a cellular telephone service.

39. Plaintiff's telephone number, (XXX) XXX-3579, is not used for business purposes.

40. Plaintiff's telephone number, (XXX) XXX-3579, is listed on the National Do Not Call Registry and has been since 2004.

TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

41. Plaintiff has not been a Fresh Start customer at any time and never consented to receive calls from Fresh Start.

42. On or around November 26, 2020, Plaintiff received a prerecorded voicemail message on his cellular telephone number, (XXX) XXX-3579, from, or on behalf of, Fresh Start.

43. Plaintiff was not interested and had not requested information from Fresh Start.

44. On or around September 14, 2021, Plaintiff began receiving unsolicited telephone solicitation calls from Defendants marketing Defendants' services.

45. On the call, the callers inquired as to whether Plaintiff was interested in a cash offer to purchase his home.

46. On each of the calls, the caller identified themselves as calling from "Successful Home Buyers Inc."

47. However, on some of the calls from or on behalf of Defendants, the caller identified the caller's website as www.FreshStartGroupLLC.com.

48. On September 14, 2021, Plaintiff emailed Mr. Mathews informing him that he had received telephone solicitation calls to his cellular telephone in violation of the TCPA.

49. Despite this communication, the calls continued.

50. On October 2, 2021, Plaintiff received one such call on his cellular telephone number from or on behalf of Defendants.

51. The caller ID showed the call was from telephone number (804) 295-0000.

52. The caller identified herself as Kimberly from "Successful Home Buyers Inc." and inquired as to whether Plaintiff was interested in a cash offer to purchase his home.

53. Kimberly identified the company website as www.FreshStartGroupLLC.com.

54. Defendants continued to call Plaintiff on his cellular telephone, despite his letter to the Defendants regarding this illegal conduct.

55. Plaintiff received additional call on or around November 16, 2021.

COMPLAINT—CLASS ACTION – 1

56. Plaintiff and other individuals who received these prerecorded calls and telephone solicitation calls suffered an invasion of privacy and were harassed by the conduct of Defendants.

## VI. CLASS ACTION ALLEGATIONS

57. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

58. Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

59. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **Prerecorded Calls Class:** All persons within the United States: (1) to whose cellular telephone number or other number for which they are charged for the call (2) Defendants (or an agent acting on behalf of Defendants) placed a telemarketing call (3) within the four years prior to the filing of the Complaint (4) using an identical or substantially similar prerecorded message used to place the telephone call to Plaintiff.
>
> **National Do Not Call Registry Class:** All persons within the United States: (1) whose telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendants or a third party acting on Defendants' behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

60. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes as he has no interests that conflict with any of the Class members.

61. Excluded from the Classes are counsel, Defendants, and any entities in which Defendants have a controlling interest, the Defendants' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

62. Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of

COMPLAINT—CLASS ACTION – 1

TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

63. This Class Action Complaint seeks injunctive relief and money damages.

64. The Classes, as defined above, are identifiable through Defendants' dialer records, other phone records, and phone number databases.

65. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

66. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

67. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

68. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

69. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including, but not limited to, the following:

    a. Whether the Defendants used prerecorded messages to send calls;

    b. Whether Defendants made calls to Plaintiff and members of the Prerecorded Call Class without first obtaining prior express written consent to make the calls;

    c. Whether Defendants made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

    d. Whether Defendants' conduct constitutes a violation of the TCPA; and

    e. Whether members of the Classes are entitled to treble damages based on the willfulness of Defendants' conduct.

70. Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has no interests which are antagonistic to any member of the Classes.

COMPLAINT—CLASS ACTION – 1

TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

71. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

72. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendants and/or their agents.

73. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

74. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. 227(b) on behalf of the Prerecorded Call Class)**

75. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

76. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Prerecorded Call Class delivering prerecorded messages.

77. As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Prerecorded Call Class presumptively are entitled to an award of $500 in damages for each and every call made to their residential or cellular telephone numbers using

COMPLAINT—CLASS ACTION – 1

TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

78. If the Defendants' conduct is found to be knowing or willful, Plaintiff and members of the Prerecorded Call Class are entitled to an award of up to treble damages.

79. Plaintiff and members of the Prerecorded Call Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice in the future.

## SECOND CAUSE OF ACTION
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)**

80. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

81. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

82. Defendants' violations were negligent, willful, or knowing.

83. As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

COMPLAINT—CLASS ACTION – 1

84. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Injunctive relief prohibiting Defendants from calling telephone numbers advertising their goods or services, except for emergency purposes, to any cellular or residential telephone number using a prerecorded message or making any call to a residential number on the National Do Not Call Registry in the future;

B. That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

D. Such other relief as the Court deems just and proper.

## VIII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

COMPLAINT—CLASS ACTION – 1

TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

| | |
|---|---|
| 1 | RESPECTFULLY SUBMITTED AND DATED this 7th day of March, 2022. |
| 2 | TURKE & STRAUSS LLP |
| 3 | By:   */s/ Samuel J. Strauss,* WSBA #46971 |
| 4 | Samuel J. Strauss, WSBA #46971<br>Email: sam@turkestrauss.com |
| 5 | 613 Williamson St., Suite 201<br>Madison, Wisconsin 53703 |
| 6 | Telephone: (608) 237-1775<br>Facsimile: (608) 509-4423 |
| 7 | |
| 8 | *Attorneys for Plaintiff* |

COMPLAINT—CLASS ACTION – 1